OPINION of the Court, by
Ch. J. Boyle.
This tv as an action of detinue for a negro, brought by the plaintiff as administrator. The defendant pleaded the statute of limitations, and the plaintiff replied ‘‘ that previous to the defendant’s removing the negro in the declaration mentioned, from the state of Maryland, to the state of Kentucky, John Mudcl, the plaintiff’s intestate, had departed this life, and that letters of administration had not been obtained by any one of the estate of the decedent, until they were obtained by the plaintiff, on the 26th of February, 1801, at the county of Charles, in the state of Maryland, at which time the plaintiff became the legal representative of the decedent, and that five years from the date of his aforesaid administration had not elapsed before the suing out the original writ in this cause.” On a demurrer to this replication the court below gave judgment for the defendant ; from which this writ of error is prosecuted.
It seems to be a pretty well settled doctrine, that where the cause of action accrues subsequent to the death of the creditor or claimant, the statute of limitation will only begin to run from the time of granting administration. For in such case, before administration is granted, there would be no one who could claim the thing in question, and the statute only begins to operate from the time a right of action rests in some one — See 4 Bac. Abr. 479, and the authorities there cited. But the replication in this case, does not seem to bring the plaintiff within the principle of this doctrine. It contains no direct averment that the cause of action had not accrued antecedent to the death of the intestate, nor does it contain the averment of any fact from which such a conclusion would necessarily follow. The averment “ that previous to the defendant’s removing the negro in the declaration mentioned, from the state of Maryland, to the state ®f Kentucky,” may be true, and *538 the defendant may nevertheless have had an ad ver-■ possession of the negro, anterior to the death of the intestate. in that case unless it had been shewn that the party was within some one of the exceptions allowed by the statute, the time of limitation must have begun to run in the life of the intestate ; and it is an established rule, that when the’statute begins to ran, it continues to run without interruption, from the death of the claimant.
If indeed it had been alleged, that either the intestate ©r tlwdefendant during the l;ie of the intestate, had not been within this commonwealth, it would not have been material to aver that the cause of action had not accrued before the intestate’s death.
Because the case would then have been within an exception allowed by the statute, and notwithstanding the cause of action might have accrued, the time limited for bringing the action would not have begun to run.
But there is no such allegation in the replication. We are therefore of opinion that the facts alleged in the replication are not sufficient to avoid the operation of the statute, and that the judgment of the court below upon the demurrer thereto is correct.
Judgment affirmed, with costs.